IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Maegan Garner, ) | Case No. 6:19-cv-00588-DCC-JDA |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| Society Fashion Week LLC, Alan Brady ) | |
| King, Krissy King, ) | |
| ) | |
| Defendants/Counter-Claimants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff's motions for default judgment against Society Fashion Week LLC and to hold Alan Brady King and Krissy King ("the Individual Defendants") in contempt for failing to comply with an order of this Court ("the Contempt Motion").[1]  ECF Nos. 64, 69.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report").  On September 17, 2020, the Magistrate Judge recommended that the motion for default judgment be taken under advisement and that certified facts supporting a contempt finding with respect to the Contempt Motion.  ECF No. 70.  The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the

---

[1] As explained in the Report, under these circumstances the Magistrate Judge is not authorized to hold a party in civil contempt.  Accordingly, the Magistrate Judge construed Plaintiff's motion as a motion to certify to the district court facts supporting holding the Individual Defendants in civil contempt.  ECF No. 70 fn 1.

Report and the serious consequences if they failed to do so. No party has objected to the Report and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated above, no party has objected to the Magistrate Judge's Report. Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge as modified. Plaintiff's motion for default judgment [64] is **DENIED** as premature with leave to refile. Defendants Alan Brady King and Krissy King are directed to appear for a hearing to show cause why they should not be held in contempt for the reasons outlined in the Report. The hearing is scheduled for January 6, 2021, at 11:00am at the Donald S. Russell Federal Building, 201 Magnolia

Street, Spartanburg, South Carolina 29306.  The Individual Defendants are cautioned that failure to appear may be deemed grounds for a finding of contempt, in addition to those facts identified by the Magistrate Judge.  Upon a finding of contempt, the Court may sanction the offending party or parties to the fullest extent allowed by law, including but not limited to entering default against them.

    IT IS SO ORDERED.

                                        s/ Donald C. Coggins, Jr.
                                        United States District Judge

December 2, 2020
Spartanburg, South Carolina